COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


PAUL E. GROVES
                                    MEMORANDUM OPINION*
v.   Record No. 1908-01-2               PER CURIAM
                                     DECEMBER 11, 2001
VIRGINIA EMPLOYMENT COMMISSION AND
 NAVISTAR INTERNATIONAL TRANSPORTATION d/b/a
 INTERNATIONAL TRUCK AND ENGINE CORPORATION


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge

            (Paul E. Groves, pro se, on briefs).

            (Randolph A. Beales, Attorney General;
            Richard B. Zorn, Senior Assistant Attorney
            General; John B. Purcell, Jr., Assistant
            Attorney General, on brief), for appellee
            Virginia Employment Commission.

            No brief for appellee Navistar International
            Transportation d/b/a International Truck and
            Engine Corporation.


     Paul E. Groves appeals a final order of the Circuit Court of

Chesterfield County affirming the decision of the Virginia

Employment Commission (VEC) to disqualify him from receiving

unemployment benefits.  Based upon the administrative record of

proceedings and argument, the circuit court held that evidence

supported the VEC's findings of fact and that the VEC correctly

concluded, as a matter of law, that Groves was discharged for

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

misconduct in connection with his work for Navistar International Transportation d/b/a International Truck and Engine Corporation (Navistar) and disqualified for benefits under Code § 60.2-618(2). Groves appeals that decision, and he contends the circuit court erred in finding that the VEC properly relied upon Exhibit 9 as part of the record. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

ISSUES BARRED ON APPEAL

Grove lists ten issues on appeal. However, most of those issues were not presented to the circuit court for its review. Those issues are: whether the deputy of the VEC erred in finding Groves was qualified for benefits in November 1999; whether the appeals examiner of the VEC erred in affirming the deputy's decision; whether the VEC special examiner erred in allowing a hearing to re-open the case on appeal; whether Navistar showed good cause to re-open the hearing; whether the appeals examiner erred in affirming the deputy's decision; and whether the appeals examiner controlled the order of proof at the April 27, 2000 hearing pursuant to 16 VAC 5-80-20. The record shows that these issues were not raised in the circuit court. Accordingly, these issues are procedurally barred on appeal. Whitt v. Race Fork Coal Corp. and Virginia Employment Comm'n, 18 Va. App. 71, 74, 441 S.E.2d 357, 359 (1994); Rule 5A:18.

-

Groves was terminated from employment with Navistar in October 1999 for violating the company's sexual harassment policy. Groves applied for unemployment benefits, and a deputy determined Groves was qualified to receive unemployment benefits. Navistar appealed that decision, and on December 27, 1999 a hearing was held before an appeals examiner. Navistar did not appear at the hearing. The appeals examiner affirmed the decision of the deputy.

Navistar appealed the decision of the appeals examiner and requested to re-open the hearing before the appeals examiner. By letter dated March 10, 2000 the special examiner granted Navistar's request and remanded the case to "First Level Appeals" for the purpose of conducting another hearing "so as to take additional testimony and evidence." The letter stated, "[T]he record of both hearings shall then constitute the record for the issuance of a new decision."

On April 27, 2000 the second hearing was held before the appeals examiner. On May 15, 2000, the appeals examiner affirmed the deputy's determination that Groves was qualified to receive unemployment benefits. Navistar appealed the decision of the appeals examiner to the Commission. The Commission reversed the decision of the appeals examiner, finding that Groves was disqualified for unemployment compensation. Groves appealed the Commission's decision to the circuit court, and the circuit court

affirmed the decision of the Commission.  Groves filed a motion for reconsideration in the circuit court, which the court denied. Groves appeals the decision of the circuit court.

"On review, [we] must consider the evidence in the light most favorable to the finding by the Commission." Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554-55 (1987).  Code § 60.2-625 sets forth the standard of "judicial review" for appeals from the decisions of the VEC.  "[I]n such cases . . . the Commission's findings of fact, if supported by evidence and in the absence of fraud, are conclusive." Lee v. Virginia Employment Comm'n, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985).  Upon our review, we conclude that the VEC's findings of fact are supported by evidence and are therefore binding on appeal.

The evidence showed that Navistar had a written policy prohibiting sexual harassment by employees in the workplace. Groves acknowledged he was aware of the policy.

Groves was a parts sales manager for Navistar.  He had been employed with the company for fifteen years.  On September 29, 1999 Misty Gray, who also worked in parts sales, accompanied Groves on a series of sales calls.  Gray had been employed with Navistar for about one and one-half years.  When Groves and Gray returned from the sales calls, other employees of Navistar could see that Gray was upset.  Gray reported that Groves made verbal and physical sexual advances toward her that day.  Gray reported

-

that Groves told her he didn't "mind watching [her] bend over." Gray also stated that Groves later parked the car, kissed her, and touched her despite her protests.

John Martinicky, the manager of corporate security for Navistar, interviewed Groves concerning Gray's allegations. Groves admitted to Martinikcy that he told Gray he liked to "watch her bend over." Gray had indicated that this remark made her feel uncomfortable. Groves testified at the hearing that he did not recall making the statement to Martinicky that he told Gray he did not mind seeing her bend over.

The special examiner found Groves' credibility was "substantially compromised" and that Gray's testimony was credible concerning the incidents. He based that finding not only on Gray's testimony at the April 27, 2000 hearing, but also on the fact that she took prompt steps to bring the matter to the attention of management and the police. The special examiner found that Groves was disqualified for unemployment compensation because he was discharged from work due to misconduct in connection with work. The special examiner also referenced Exhibit 9, a copy of Martinicky's notes concerning interviews he conducted with Groves and Gray after the incident, in his decision.

At the hearing in the circuit court, Groves argued that Exhibit 9 was not properly part of the record for consideration by the special examiner. In its May 15, 2001 letter opinion, the

-

circuit court found that the issue of whether the special examiner erred in considering Exhibit 9 was not properly before the court because Groves had not pled this issue in his Petition for Judicial Review.  In an alternative finding, the circuit court found that Exhibit 9 was properly part of the record because Groves had ample opportunity to review the documents and because Groves' counsel had the opportunity to cross-examine Martinicky, the author of the documents, at the hearing.  Accordingly, the circuit court held that the VEC did not err in considering Exhibit 9 as part of the record.

## ANALYSIS

### I.  Exhibit 9

Appellant argues Exhibit 9 was not properly considered by the VEC as part of the record in the case because the page in the transcript of the April 27, 2000 hearing on which the exhibits are listed states:  "(None of the exhibits were officially entered into the record.)."  However, assuming the issue was properly before the circuit court, the record indicates that the documents were accepted by the appeals examiner and that Groves did not object to the admission of Exhibit 9 into the record at the April 27, 2000 hearing.  Moreover, Groves' counsel indicated he had "had a chance to review" the document, and he relied on the document in his cross-examination of Martinicky.  At the end of the hearing, the appeals examiner asked Groves' counsel if he had any objections to information that was submitted at the hearing.

-

Groves' counsel replied, "My only objection to . . . the summation of the conversation with Mr. Martinicky is his opinion at the bottom of the last page."  Counsel indicated that he believed the last page of the exhibit contained a sentence regarding Martinicky's opinion that Groves was being untruthful in the interview.  Groves' counsel asked that the appeals examiner disregard that statement only.  When the appeals examiner asked Groves' counsel if he had any other objections, counsel replied, "No, Sir."  The appeals examiner then stated, "I'm going to submit that entire document as Exhibit Number 9 . . . ."  Accordingly, Groves did not object to the exhibit becoming part of the record in the case.  See Rule 5A:18.

Moreover, despite the notation in the transcript that no exhibits were "officially" made part of the record, Exhibit 9 was placed in the VEC's file and became part of the VEC record for purposes of the VEC's determination of the claim.  Furthermore, the March 10, 2000 letter remanding Groves' case to the first level of appeals for the purpose of conducting the second hearing on April 27, 2000 stated that the record of that hearing, in addition to the record of the previous hearing, would constitute the record for the issuance of a new decision.  Therefore, the exhibit was a part of the record and the documents contained therein were properly considered by the VEC in making its findings of fact.  This action of accepting the exhibit into the record, coupled with Groves' admission that he had had an opportunity to

-

review the documents, Groves' use of the documents in cross-examination, and his failure to object to the admission of the documents, indicates that Groves' right to a fair hearing was not denied. See Snyder v. Virginia Employment Comm'n, 23 Va. App. 484, 488-89, 477 S.E.2d 785, 787 (1996). If Groves had chosen to do so, at the April 27, 2000 hearing he could have stated his general objections to the exhibit or statements therein, and offered rebuttal evidence concerning what he contended were inaccuracies in the exhibit. However, other than the objection to the last page of the document, he did not object to the overall admission of the evidence. Accordingly, the circuit court did not err in ruling that the VEC properly considered Exhibit 9 as part of the record.

## II. Disqualification for Benefits

Code § 60.2-618(2) provides for disqualification from receipt of unemployment benefits if the VEC finds that the employee was discharged for work misconduct. "[T]o establish misconduct [the] employer ha[s] the burden of proving that the [employee] deliberately or willfully violated a company rule." Bell Atlantic v. Matthews, 16 Va. App. 741, 745, 433 S.E.2d 30, 32 (1993).

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those

-

> interests and the duties and obligations he
> owes his employer.

Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). "[O]nce the employer has borne [this] burden . . . [it] shifts to the employee to prove circumstances in mitigation of his or her conduct." Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, aff'd en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989). Absent evidence to "explain or justify" such misconduct and "show mitigating circumstances, the commission must find that benefits are barred." Id. "'Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal.'" Wells Fargo Alarm Servs., Inc. v. Virginia Employment Comm'n, 24 Va. App. 377, 384, 482 S.E.2d 841, 844 (1997) (citation omitted).

The special examiner found that Navistar's policy prohibiting sexual harassment at work was reasonably designed to protect legitimate business interests. Furthermore, the special examiner believed the evidence presented by Gray and the other Navistar employees and did not accept Groves' testimony denying the incident. In making the credibility determination, the special examiner pointed to Groves' interview with Martinicky wherein Groves originally admitted that he made the comment to Gray. The determination of a witness' credibility is within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co.

-

v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The credibility finding is supported by evidence in the record. Furthermore, the special examiner found that Groves occupied a supervisory position with the company which acted as an aggravating circumstance for his conduct.

Groves presented no mitigation evidence. He denied making the comment, and he denied that he touched Gray. Therefore, we cannot say as a matter of law that Groves met his burden of proving mitigating circumstances. Accordingly, we conclude that the special examiner's findings of fact as to Groves' credibility, as well as Groves' failure to present sufficient evidence of mitigating circumstances to avoid disqualification for work-related misconduct, are supported by credible evidence. In light of the evidence presented before the VEC, we cannot say the record as a whole would lead a reasonable mind necessarily to a different conclusion than that reached by the VEC.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-