Salem

TERESA F. SHULER

v.

VIRGINIA EMPLOYMENT COMMISSION
AND LEE COUNTY GARMET CO., INC.

No. 0882-88-3

Decided September 26, 1989

148

COUNSEL

Martin Wegbreit (Client Centered Legal Services of Southwest Virginia, Inc., on Brief), for appellant.

Susan T. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

No brief or argument for appellee Lee County Garment Company, Inc.

OPINION

**BENTON, J.**—The questions raised in this appeal require us to consider whether the evidence supports the Virginia Employment Commission's decision that Teresa Shuler voluntarily quit work without good cause and, therefore, was ineligible to receive unemployment benefits. Although the appeals examiner held that Shuler did not quit work but was discharged for reasons other than misconduct, the commission reversed, holding that Shuler voluntarily quit her employment. The circuit court affirmed the commission's decision. Because we find that the evidence fails to show that Shuler quit her employment, we reverse.

Shuler worked as an inspector in a plant operated by the Lee County Garment Company (Garment). The plant was scheduled to be closed for vacation from Monday, June 30 to Friday, July 4, 1986. Approximately two weeks prior to June 24, Shuler spoke to her immediate supervisor, Ann Middleton, about taking leave on June 25 and 26. According to Shuler's uncontradicted testimony, Middleton stated that none of the employees would be working on Friday, June 27. A week after that conversation, Middleton authorized the requested leave. However, as Shuler was about to leave work on June 24, Middleton advised Shuler that, contrary to her earlier approval, she could not approve Shuler's request for leave. Shuler testified that she informed Middleton that she already had made vacation plans and was scheduled to have her

automobile repaired the following morning.

A conference ensued between Shuler, Middleton, and the plant manager. The plant manager testified that he told Shuler that he would make the decision concerning her leave request at 9 a.m. the next morning. He further testified that he would have authorized the leave had she reported to work the following morning. Shuler testified that the plant manager stated that the matter would be left up to Middleton. The appeals examiner who heard the testimony resolved this conflict in Shuler's favor. Shuler further testified without contradiction that Middleton again changed her mind and approved the leave when they left the plant manager's office.

When Shuler returned from vacation during the weekend following July 4, she saw several co-workers who told her that Middleton had stated on several occasions that Shuler had been fired. On Monday morning, July 7, Shuler did not report to work. Shuler testified that she believed that if she had gone to the plant, she and Middleton would have had a disruptive argument. Instead, she telephoned the plant manager and advised him of the statements attributed to Middleton — that Shuler had been fired. The plant manager did not inform Shuler whether she had been fired; rather, he scheduled a meeting for Friday, July 11, to discuss the situation. When Shuler reported for the meeting on July 11, she was advised that the manager would be unable to attend the meeting. Shuler filed for unemployment compensation that afternoon. She made no further attempts to contact Garment about her job. It is not disputed that Shuler was removed from the payroll two or three days before the scheduled July 11 meeting.

■ On review, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625(A). The determination whether an employee's behavior bars that employee from receiving benefits is a mixed question of law and fact. *Virginia Employment Comm'n v. Sutphin*, 8 Va. App. 325, 327, 380 S.E.2d 667, 668 (1989). Under accepted principles, mixed questions of law and fact are also reviewable by this Court on appeal. *Id.*

■ Although Shuler bore the burden of showing that she met the eligibility conditions set forth in the act, *Unemployment Com-*

*pensation Commission v. Tomko*, 192 Va. 463, 468, 65 S.E.2d 524, 527 (1951), it was Garment's burden to prove that she was disqualified from benefits. *See Brady v. Human Resource Inst. Inc.*, 231 Va. 28, 31-32, 340 S.E.2d 797, 799-800 (1986). The commission has long held that the employer must show that the employee left work voluntarily. *See, e.g., Kerns v. Atlantic Am., Inc.*, No. 5450-C (September 20, 1971). We cannot say that the commission's determination that the employer assumes the risk of nonpersuasion in this regard is an unreasonable construction of the statute. When, as here, "the General Assembly has acquiesced in the commission's construction of the statute, 'such construction is entitled to great weight with the courts.'" *Branch v. Virginia Employment Commission*, 219 Va. 609, 612, 249 S.E.2d 180, 183 (1978) (*quoting Dan River Mills, Inc. v. Unemployment Compensation Comm'n*, 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954)).

In modifying the factual findings of the appeals examiner who heard the evidence in this case, the commission's special examiner specifically found that "[t]he claimant made no further attempt to report for work or contact the employer [after July 11] and was subsequently removed from the employer's roll." The special examiner's finding that Shuler was removed from the payroll after July 11 is simply not supported by the record. According to the plant manager's uncontradicted testimony, Shuler was removed from the payroll two or three days prior to the July 11 scheduled meeting.

In addition, the special examiner correctly refused to consider an affidavit from Middleton stating that Shuler's leave was not authorized. This additional evidence, which was first submitted by Garment at the review stage, could have been produced at the evidentiary hearing through the exercise of due diligence. The special examiner properly determined that Garment had not met the criteria specified in the commission's rules and regulations concerning the submission of such evidence. *See Brady*, 231 Va. at 32-33, 340 S.E.2d at 799. Therefore, Shuler's testimony that Middleton approved the leave is uncontradicted.

We conclude that the evidence does not support the finding that Shuler voluntarily quit her employment. The term "voluntary" connotes "'[u]nconstrained by interference; unimpelled by another's influence; spontaneous; acting of oneself . . . [r]esulting from free choice.'" *Barnes v. Singer Co.*, 324 N.C. 213, 216,

376 S.E.2d 756, 758 (1989) (quoting Black's Law Dictionary 1413 (5th ed. 1979)). An employee's intention to quit may be discerned from words or conduct inconsistent with the maintenance of an employer/employee relationship. *See Tate v. Briggs & Stratton Corp.*, 23 Wis. 2d 1, 6, 126 N.W.2d 513, 515 (1964).

■ Garment and the commission argue that Shuler's absence from work without permission or excuse is behavior which evinces an intent on her part to sever the employment relationship. Obviously, absence from work without authorization will constitute a voluntary abandonment of a job if done with notice that a discharge will result, *see Wing v. Commonwealth Unemployment Compensation Board*, 57 Pa. Commw. 103, _____, 426 A.2d 198, 200 (1981), or if the absence continues for an unreasonable amount of time. *See id.* at _____, 426 A.2d at 201; *see also Jones v. Review Bd.*, 442 N.E.2d 1120, 1122-23 (Ind. Ct. App. 1982). Here, however, the uncontradicted testimony indicates that Shuler's three day absence was authorized. At most, the evidence would only support a finding of a misunderstanding between the parties regarding whether Shuler was authorized to take an extended vacation. Shuler's conduct in contacting the plant manager on her return from vacation and in requesting an appointment to discuss the situation are consistent with an intent to keep rather than quit her job. Indeed, the fact that Shuler was taken off the payroll prior to the July 11 meeting supports Shuler's position that she did not quit but was, instead, discharged.

In sum, we conclude that Garment failed to meet its burden of proof and that the evidence fails to support the commission's finding that Shuler quit work voluntarily. Accordingly, the judgment is reversed.

*Reversed and remanded.*

Coleman, J., and Duff, J., concurred.