COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


ROBERT S. PECK

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2469-01-4         JUDGE RICHARD S. BRAY
                                        AUGUST 20, 2002

VIRGINIA EMPLOYMENT COMMISSION AND
 KAVITA D. RUCHANDANI



              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Gaylord L. Finch, Jr., Judge

          Robert S. Peck, pro se.

          Robert R. Dively, Assistant Attorney General
          (Randolph A. Beales, Attorney General;
          Richard B. Zorn, Senior Assistant Attorney
          General; Lisa J. Rowley, Assistant Attorney
          General, on brief), for appellee Virginia
          Employment Commission.

          No brief of argument for appellee Kavita D.
          Ruchandani.


     Robert S. Peck (employer) appeals a final order of the trial

court, which affirmed an award of unemployment benefits to Kavita

D. Ruchandani (claimant) by the Virginia Employment Commission

(VEC).  Employer complains he was improperly precluded from

presenting evidence that claimant voluntarily resigned her

employment without good cause and, further, that the VEC

erroneously found claimant was neither discharged for misconduct

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

nor voluntarily resigned employment.  Finding no error, we affirm the trial court.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

## I.

In undertaking judicial review of an administrative decision of the VEC pursuant to Code § 60.2-625(A), "the courts must consider the evidence in the light most favorable to the finding by the [VEC]."  Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554 (1987) (citation omitted).  "[T]he [VEC] is charged with the responsibility of resolving questions of credibility and of controverted facts."  Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, aff'd en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989).  Thus, factual determinations of the VEC "supported by evidence[,] . . . in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."  Code § 60.2-625(A); see Lee v. Virginia Employment Comm'n, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985).

Here, findings of fact reported by the VEC and supported by the record disclosed claimant entered into the subject employment as a "nanny/housekeeper" on September 11, 2000.  Her

-

duties included "picking [employer's son] up from school" in Washington D.C., "some meal preparation" and "light housework."

In October 2000, employer and his wife began "exploring the possibility of moving" and, "intend[[ing] to . . . show the house" to potential buyers on November 4 or 5, wife "wanted [claimant] to organize . . . the basement" by "pack[ing] various materials." Accordingly, on October 30, wife advised claimant that wife "needed to pick up boxes," and claimant volunteered for the task. However, when claimant informed wife the following morning that she did not intend to obtain the boxes until November 3, wife, "very upset because she did not believe . . . there would [then] be sufficient time to prepare the house for showing," "obtained the boxes herself." Later in the day, employer returned home and "discharged" claimant, effective November 11, 2000.

The VEC further found that wife had "primary interaction with the claimant on a day-to-day basis," was "happy with [her] 'on average,'" and had "agreed to assist [her] in locating other employment as a nanny," including "a favorable reference." Wife "emphasiz[ed]" in her testimony that claimant was "terminated" "only because she had failed to pick up the boxes . . . ." However, employer had already decided to "replace . . . claimant because she seemed more interested in performing the duties of a nanny only and seemed to object to doing housework chores." In contrast to both employer and his wife, claimant "was under the

-

impression that her job would . . . end . . . November 10 . . . because employer felt" the commute to his new residence "would be too far."

Once unemployed, claimant filed for related benefits with the VEC. Advised of the application, employer objected, reporting claimant was "discharged" for "[r]efusal to carry out duties when assigned despite repeated warnings." When a VEC Deputy subsequently determined claimant eligible for benefits, employer appealed, and an "Appeals Examiner," after conducting related hearings on January 9 and 31, 2001, affirmed "the determination of the Deputy." Employer further appealed to the commission, and a "Special Examiner" "adopted" the "findings of fact made by the Appeals Examiner," together with "certain [specified] corrections and additions," and ruled claimant neither resigned employment nor was discharged for misconduct.[1] Employer thereafter petitioned the trial court for judicial review, which resulted in a further affirmation of the VEC and the instant appeal.

## II.

Employer first contends the "Appeals Examiner" violated due process by refusing to allow him to present evidence and cross-examine claimant with respect to the issue of resignation.

---

[1] The commission characterized the incident arising from the packing boxes as a "misunderstanding" between claimant and employer's wife, not "misconduct in connection with [claimant's] work."

-

He asserts on brief that such testimony was relevant "to prove
. . . [claimant] had resigned" prior to "discharge" and,
therefore, was, "at most, eligible for two weeks of employment
benefits."  See Code § 60.2-612(8);[2] see also Actuarial Benefits
& Design Corp. v. Virginia Employment Comm'n, 23 Va. App. 640,
645, 478 S.E.2d 735, 737 (1996) (limiting unemployment benefits
to two weeks upon termination following notice of resignation).

"It is well-settled that when a party's evidence has been
ruled inadmissible, the party must proffer or avouch the
evidence for the record in order to preserve the ruling for
appeal; otherwise, the appellate court has no basis to decide
whether the evidence was admissible."  Smith v. Hylton, 14
Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992) (citing

_____

[2] Code § 60.2-612(8) states:

> An unemployed individual shall be eligible
> to receive benefits for any week only if the
> Commission finds that:
>
> *    *    *    *    *    *    *
>
> (8) He has given notice of resignation
> to his employer and the employer
> subsequently made the termination of
> employment effective immediately, but in no
> case to exceed two weeks for which he would
> have worked had the employee separated from
> employment on the date of termination as
> given in the notice; provided, that the
> claimant could not establish good cause for
> leaving work pursuant to § 60.2-618 and was
> not discharged for misconduct as provided in
> § 60.2-618.

-

*Whittaker v. Commonwealth*, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977)). "The proffer may consist of a unilateral representation of counsel, if unchallenged, or a mutual stipulation of the proffered testimony. Absent such representation of counsel, or stipulation, the ruling will not be considered on appeal." *Klein v. Klein*, 11 Va. App. 155, 160, 396 S.E.2d 866, 868 (1990).

Here, employer failed to make the requisite proffer for the record. Accordingly, we cannot ascertain on appeal whether the evidence in issue was relevant to determination of the claim, thereby precluding proper appellate review of the question.

### III.

Employer next maintains his evidence established a voluntary resignation of employment by claimant. We disagree.

Code § 60.2-618(1) disqualifies "an individual for [unemployment] benefits . . . if the commission finds such individual is unemployed because he left work voluntarily without good cause . . . ." *Id.* The burden is on the employer to prove an employee "left work voluntarily." *Shuler v. Virginia Employment Comm'n*, 9 Va. App. 147, 149-50, 384 S.E.2d 122, 124 (1989). "'Good cause' requires a mixed determination of law and fact . . . which is reviewable on appeal." *Virginia Employment Comm'n v. Fitzgerald*, 19 Va. App. 491, 493, 452 S.E.2d 692, 693 (1995).

-

In affirming the decision of the "Appeals Examiner" on the instant record, the VEC specifically found "employer or his wife . . . decided to replace the claimant with someone who was better at the housekeeping aspects of the job."  Under such circumstances, the VEC correctly reasoned that "the fact . . . claimant may have agreed November 10, 2000, would be her last day of work is insufficient to establish the requisite voluntary notice" of resignation contemplated by Code § 60.2-612(8).  See Shuler, 9 Va. App. at 150-51, 384 S.E.2d at 124 ("The term 'voluntary' connotes '[u]nconstrained by interference; unimpelled by another's influence; spontaneous; acting of oneself . . . [r]esulting from free choice.'").  Accordingly, employer failed to satisfy his burden of proof, and the evidence supports the VEC's decision.

IV.

Lastly, employer maintains claimant's actions constituted "misconduct" that disqualified her from unemployment benefits. Again, we disagree.

"An individual shall be disqualified for benefits upon separation from the last employing unit . . . if discharged for misconduct connected with . . . work."  Code § 60.2-618.

> [A]n employee is guilty of "misconduct
> connected with his work" when he
> deliberately violates a company rule
> reasonably designed to protect the
> legitimate business interests of his
> employer, or when his acts or omissions are
> of such a nature or so recurrent as to

-

                    manifest a willful disregard of those
                    interests and the duties and obligations he
                    owes his employer.

Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d

180, 182 (1978).  Like resignation, the employer bears the burden

of proving such misconduct, and the term "should not be so

literally construed as to effect a forfeiture of benefits by an

employee except in clear instances."  Kennedy's Piggly Wiggly

Stores, Inc. v. Cooper, 14 Va. App. 701, 705, 707-08, 419 S.E.2d

278, 280, 282 (1992).  "Whether an employee's behavior constitutes

misconduct . . . is a mixed question of law and fact reviewable by

this court on appeal."  Israel v. Virginia Employment Comm'n, 7

Va. App. 169, 172, 372 S.E.2d 207, 209 (1988) (citation omitted).

     The record before us suggests no violation of an employment

rule, and the factual findings of the VEC, supported by the

evidence, established no willful disregard of employer's interests

by claimant.  She was not directed to obtain the packing boxes,

and the responsibility was not among her assigned duties.  To the

contrary, claimant volunteered for the task only as an

accommodation to employer's wife.  Accordingly, the VEC correctly

determined claimant was not discharged for employment-related

misconduct.

     We, therefore, affirm the decision of the commission.

                                                 Affirmed.

                               -