# CIRCUIT COURT OF THE CITY OF RICHMOND

Cynthia Swenson

v.

Virginia Employment
Commission *et al.*

April 7, 2015

Case No. CL14-4474

By Judge Melvin R. Hughes, Jr.

This matter is before the Court on Petitioner Cynthia Swenson's Petition for Review ("Petition") of the final decision of the Virginia Employment Commission ("VEC") and the VEC's "Brief in Opposition of Petition for Judicial Review." The case came before the Court in March 2015, and both parties offered oral argument. Thereupon, the Court took the matter under advisement.

## Factual Background

The facts of this case are before the Court according to the decision of the special examiner pursuant to this Court's limited scope of review in cases such as these. Va. Code Ann. § 60.2-625(A) ("In any judicial proceedings under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."). Swenson contends VEC's decision to deny unemployment compensation is not well-grounded in law. VEC argues that Swenson was not entitled to benefits because she was discharged from employment due to misconduct. The facts, as found in the final Commission Decision, are reproduced below in their entirety:

> The claimant filed a timely appeal from the Appeal Examiner's decision. That decision affirmed the Deputy and

found the claimant disqualified for benefits, effective March 2, 2014, based on a conclusion that the claimant had left work voluntarily without good cause.

The Commission carefully reviewed the digital recording of the Appeals Examiner's hearing as well as each evidentiary exhibit. Based upon this review of the evidence, the Commission finds the facts as follows:

Blair Dumond employed the claimant as an office manager from January 21, 2013, to February 27, 2014. The claimant worked Monday through Friday, from 8:00 a.m. through 5:00 p.m. earning an annual salary of $54,000 per year.

Under company policy, leaving work during work hours without permission is grounds for immediate discharge. The claimant acknowledged this policy in writing on March 8, 2013.

On February 27, 2014, the claimant was working on accounts receivable. This was a task that took a lot of time and the claimant had a significant amount of work she needed to accomplish by the end of the day. The operations manager, who was above the claimant in the chain of command, asked the claimant several times to come to his office to discuss an issue. He first made this request at around 8:00 a.m. The claimant delayed coming to his office until around 1:45 p.m. At that point, the claimant was frustrated with the operations manager, because she felt she had important things to do and that the operations manager was unnecessarily disturbing her work.

When the claimant came to the operations manager's office, she immediately demanded to know what the issue was. The operations manager asked the claimant to wait until the individuals in his office exited. However, the claimant insisted on knowing what the issue was right then. At that point the operations manager brought up the fact that the president had asked her to prepare certain information for the company attorney. He told her that she had been asked to prepare this information several times and that she had until 4:00 p.m. the following day to get the information ready.

The claimant was upset by this interaction. She felt that the operations manager was being unreasonable. She decided to approach the company president about the issue immediately. She went to the company president's office and demanded that he speak with her immediately. She then brought up the fact that she was working on accounts receivable and felt that he

and the operations manager were being unreasonable in the way they were asking her for the information for the attorney.

When the company president did not agree with her on this point, the claimant stated that she was "through." She then stated that, if he wanted to change his mind about the way he was handling the situation, that he could call her. She then told him and various office personnel "I'm out of here" and walked off the job. At no point in time did she ask permission to leave or inform anyone at the office that she was sick. She did not return to work that day.

The following day, the claimant called in to state she was sick. When she could not reach the company president, she left a voicemail message for him. She then called the operations manager. The president did not get the claimant's message until Sunday. Early on Monday, the president called the claimant and asked her why she was calling in. He stated she had quit and, therefore, she no longer had a job. The claimant denied that she quit. On appeal, the employer contends she quit, and the claimant contends she was discharged.

R. at 70-71.

*Analysis*

Va. Code § 60.2-618 outlines a number of circumstances under which a claimant such as Swenson would be disqualified from receiving unemployment benefits. The two at issue here are Subsections 1 and 2. Va. Code § 60.2-618(1) provides for disqualification "if the Commission finds such individual is unemployed because he left work voluntarily without good cause." Va. Code § 60.2-618(2) provides for disqualification "if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work."

The VEC found that the evidence was insufficient to show that Swenson voluntarily quit her employment. R. at 74. However, the VEC found that Swenson was "discharged from her employment with Blair Dumond for misconduct connected with work." R. at 76. Accordingly, she was denied unemployment benefits.

If the VEC's findings are supported by the evidence, they are binding on appeal. *Kennedy's Piggly Wiggly Stores, Inc. v. Cooper*, 14 Va. App. 701, 704 (1992). "The determination of whether an employee's behavior bars that employee from receiving benefits is a mixed question of law and fact," reviewable by this Court. *Shuler v. Virginia Empl. Comm'n*, 9 Va. App. 147, 149 (1989) (construing the determination of whether the claimant voluntarily quit work without good cause as a mixed question of law and

fact). Further, whether an employee's behavior constitutes misconduct is a mixed question of law and fact, reviewable by this Court. *Israel v. Virginia Empl. Comm'n*, 7 Va. App. 169, 172 (1988).

### Voluntarily Leaving Work Without Cause

The VEC's finding that Swenson did not voluntarily leave work without cause is supported by the evidence. The facts demonstrate that, while Swenson walked off the job of her own volition, she did not actually state she was quitting. She also called in sick the following day and attempted to return to work. "An employee's intention to quit may be discerned from words or conduct inconsistent with the maintenance of an employer/employee relationship." *Id.* at 151. Swenson did not evidence the requisite intention to quit.

It was the employer's burden to prove that the claimant left work voluntarily. *See Shuler*, 9 Va. App. at 150. The VEC properly determined that the employer failed to carry this burden, and, therefore, this aspect of the VEC's decision is upheld.

### Discharge for Misconduct

Here, it is important to closely examine the specific language of the statute to understand the Court's conclusion. Va. Code § 60.2-618(2) provides for disqualification "if the Commission finds such individual is unemployed because he has been *discharged for misconduct* connected with his work." (Emphasis added.) Further, under *Shuler*, the employer has the burden of proving that the claimant is disqualified from benefits. 9 Va. App. at 149-50. Therefore, it was Blair Dumond's burden to prove that Swenson was *discharged* for misconduct; not merely *guilty* of misconduct.

Throughout the proceedings at the VEC, Blair Dumond maintained that the claimant quit her job. The VEC statement of facts, which this Court is powerless to disturb, states only that, "[o]n appeal, the employer contends [the claimant] quit." R. at 72. The employer did not aver or argue that Swenson was discharged for misconduct.

The VEC decision conflates the concepts of being "discharged for misconduct" and being "guilty of misconduct." It states on more than on occasion that it is the employer's burden to prove that the claimant was "discharged for misconduct." R. at 74, 75. Yet, the entirety of the analysis focuses on whether or not Swenson *committed* misconduct. The facts do indeed indicate that her actions were misconduct. Swenson walked off the job without permission in violation of a company policy. The VEC's decision that "the employer proved misconduct connected with work" was well-grounded in the evidence. R. at 76. But a proper finding of misconduct does not equate to a proper finding that Swenson was *discharged for that very misconduct*.

In short, although the VEC properly made a finding of "misconduct" on the part of Swenson, they erred in finding that Swenson was *"discharged for* misconduct." Blair Dumond averred, argued, and admitted that Swenson voluntarily left work. The employer does not admit that Swenson was discharged *at all*. Therefore, they cannot carry their burden to prove that Swenson was discharged for misconduct, and, therefore, it was error for the VEC to find as much. Since the undisputed facts cannot prove a disqualification under Va. Code Ann. 60.2-618(1) or 60.2-618(2), Swenson qualifies for unemployment benefits.

## Conclusion

For the reasons cited above, the Court finds that, while the VEC properly concluded that Swenson did not voluntarily leave work, the VEC erred in finding that Swenson was discharged for misconduct. Accordingly, the final decision of the VEC is affirmed in part, reversed in part, and this matter is remanded to the agency to enter a decision consistent with this Court's opinion.