COURT OF APPEALS OF VIRGINIA


Present:  Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


HARLAN L. WILSON
                                        MEMORANDUM OPINION* BY
v.          Record No. 0161-95-3        JUDGE NELSON T. OVERTON
                                           JULY 2, 1996
COUNCIL OF THE TOWN OF CHATHAM

                FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                         B. A. Davis, III, Judge

            Barbara Hudson for appellant.

            Rudolph A. Shupik, Jr. for appellee.


     The Virginia Employment Commission awarded benefits to

Harlan L. Wilson upon the cessation of his employment with the

Town of Chatham.  The circuit court reversed the commission on

the ground that Wilson voluntarily left his employment without

good cause.  We affirm the circuit court's decision.

     An individual is disqualified from unemployment benefits if

he leaves work voluntarily and without good cause.  Code

§ 60.2-618(1).  Whether an employee voluntarily quit without good

cause is a mixed question of law and fact and is reviewable on

appeal.  Virginia Employment Comm'n v. Fitzgerald, 19 Va. App.

491, 493, 452 S.E.2d 692, 693 (1995).

     The evidence before the circuit court demonstrated that

Wilson left his employment voluntarily and without good cause.

"The term 'voluntary' connotes '[u]nconstrained by interference;

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

unimpelled by another's influence; spontaneous; acting of oneself . . . [r]esulting from free choice.'  An employee's intention to quit may be discerned from words or conduct inconsistent with the maintenance of an employer/employee relationship."  Shuler v. Virginia Employment Comm'n, 9 Va. App. 147, 150-51, 384 S.E.2d 122, 124 (1989) (citations omitted).

On February 8, 1993, Wilson told the town council that he would be submitting his resignation that evening.  He did in fact submit a letter stating that it was his resignation.  Although the council did not formally accept the resignation at that time, Wilson cleaned out his locker at work within the next three days.  At no time did he attempt to withdraw his resignation.

We hold that the circuit court did not err when it found that this employee voluntarily quit his employment without good cause.

Affirmed.

Fitzpatrick, J., dissenting.

I respectfully dissent.

On appeal, "the findings of the [VEC] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."  Code § 60.2-625(A); <u>Shifflett v. Virginia Employment Comm'n</u>, 14 Va. App. 96, 97, 414 S.E.2d 865, 865 (1992).  In the instant case, the evidence supported the commission's finding that Wilson was terminated, and the circuit court erred in overturning that factual determination.