COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


CAROLYN M. SNYDER
                                              OPINION BY
v.         Record No. 2585-95-3      JUDGE SAM W. COLEMAN III
                                           NOVEMBER 19, 1996
VIRGINIA EMPLOYMENT COMMISSION
 and BLUE CROSS AND BLUE SHIELD
  (TRIGON)


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                  Robert P. Doherty, Jr., Judge

            David D. Beidler (Nancy L. Brock; Legal Aid
            Society of Roanoke Valley, on briefs), for
            appellant.

            Patricia H. Quillen, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; Lisa J. Rowley, Assistant Attorney
            General, on brief), for appellee Virginia
            Employment Commission.

            No brief of argument for appellee Blue Cross
            and Blue Shield (Trigon).


     Carolyn M. Snyder (claimant) appeals the Virginia Employment

Commission's (VEC) denial of unemployment benefits based upon its

 finding that she left work voluntarily without good cause.  The

claimant contends that she did not receive a fair hearing because

the VEC in reaching its decision relied upon "investigatory"

documents compiled by a deputy of the VEC.  She further contends

that the evidence presented to the VEC was insufficient to

support its findings of fact.  We find no error and affirm the

VEC's decision.

In making their findings of fact, the appeals examiner and the VEC relied upon documents included in the "Record of Facts Obtained by Deputy." Snyder argues that she was denied the opportunity to confront or rebut the evidence contained in the "Record of Facts" because these documents were not introduced into evidence or expressly made part of the record by the appeals examiner during the evidentiary hearing. She argues, therefore, that the documents in the "Record of Facts" were not a part of the record which the VEC could consider and, thus, the hearing was unfair. We disagree.

The VEC is not bound by the common law or statutory rules of evidence. Baker v. Babcock & Wilcox Co., 11 Va. App. 419, 426, 399 S.E.2d 630, 634 (1990). Code § 60.2-623 provides that:

> [t]he manner in which disputed claims shall be presented . . . shall be in accordance with regulations prescribed by the Commission for determining the rights of the parties. Such regulations need not conform to common law or statutory rules of evidence and other technical rules of procedure.

The VEC has adopted rules governing the adjudication of claims pursuant to its authority under Code § 60.2-623. See VR 300-01-8 Section 2.F (1994) ("The appeals examiner shall conduct the hearing in such a manner as to ascertain the substantive rights of the parties without having to be bound by common law, statutory rules of evidence, or technical rules of procedure.").

The rule regarding appeals to the VEC states that, "[e]xcept

as otherwise provided by this rule, all appeals to the VEC shall be decided on the basis of a review of the record." VR 300-01-8 Section 3.B (1994) (emphasis added). Snyder contends that the record referred to in VR 300-01-8 Section 3.B includes only the transcript and exhibits from the evidentiary hearing conducted before the appeals examiner. We disagree.

The VEC's rules use the term "record" in two different instances. First, the regulations governing first level appeals state that "the record in connection with the claim . . . shall be assigned to an [appeals examiner]." VR 300-01-8 Section 2.B (1994). This "record" that is sent to the appeals examiner contains the "record of facts of the proceeding [before the deputy]." VR 300-01-8 Section 1.B (1994). See also Code § 60.2-619 (A)(2) ("the deputy shall promptly transmit his full finding of fact with respect to that subsection to any appeal tribunal . . . ."). Second, the regulations addressing the evidentiary hearing before the appeals examiner refer to "the record" as the transcript and exhibits offered during the hearing. See VR 300-01-8 Sections 2.F and 2.F.4 (1994).

We hold that the "Record of Facts Obtained by Deputy" was a part of the record and the documents contained therein were properly considered by both the appeals examiner and the VEC in making their findings of fact. The documents were placed in the VEC's file and became part of the VEC record for purposes of the VEC's determination of the claim. At the evidentiary hearing,

the appeals examiner noted for the record that Trigon had chosen not to appear and made it known that Trigon had submitted a letter stating that "the documentation we have previously submitted fully states the company's position regarding Ms. Snyder's past employment, and should give a complete picture of our efforts and interactions with her." When Snyder's attorney was asked if there were any objections, he did not object to proceeding in this manner, which allowed the appeals examiner to consider the documentation previously submitted by Trigon. The purpose of the examiner introducing Trigon's letter was to put the claimant on notice that Trigon was relying on documents already in the VEC's files. This action gave the claimant an opportunity to review those documents and informed her that the appeals examiner was going to consider those documents when making his decision. If the claimant had chosen to do so, she could have inspected the file before or during the hearing, stated her objection to any documents or statements therein, and offered rebuttal evidence.

We find that Snyder's right to a fair hearing was not violated. By not reviewing or inspecting the documents in the record, Snyder chose not to exercise the options available to her. Klimko v. Virginia Employment Comm'n, 216 Va. 750, 763, 222 S.E.2d 559, 569-70 (1976). To the extent that the "claimant did not enjoy the right of confrontation and cross-examination or any of the other rights available to [her] under the laws and

regulations, it was not because they were denied [her]; it was, insofar as the record discloses, only because [she] did not pursue them." Id. Moreover, the record indicates that Snyder's attorney had the documents which she complains she had no opportunity to review or rebut. As the record shows, Snyder's counsel's questions made reference to the forms that she complains she did not know were part of the record:

> Q:    [O]n the . . . form that . . . Blue Cross that Miss Cardna filled out . . . apparently her impression was that the last time you, you were released . . . by your doctor to go back to work on October 10th . . . .

To the extent that Snyder now objects to the appeals examiner having proceeded without an employer's representative being present, Snyder could have objected at the hearing or could have subpoenaed a representative of her employer to appear. See Richardson v. Perales, 402 U.S. 389, 404 (1971) (holding that claimant was precluded from complaining that he was denied the rights of confrontation and cross-examination because he did not take advantage of the opportunity to subpoena adverse witnesses who had previously submitted reports); Baker, 11 Va. App. at 426-27, 399 S.E.2d at 634 (same). She failed to do so and her claim will not be considered for the first time on appeal.

Snyder next contends that Trigon's evidence was hearsay and as such, was insufficient to sustain Trigon's burden of proof. Although the letters and the deputy's investigatory documents are

hearsay, hearsay evidence is admissible in administrative proceedings before the VEC.  Baker, 11 Va. App. at 425, 399 S.E.2d at 634.  Therefore, the VEC did not err in considering this hearsay evidence.

Snyder argues that hearsay evidence alone is not sufficient to meet the employer's burden of proof.  Regardless of whether hearsay alone is insufficient, in this instance sufficient non-hearsay evidence was before the VEC to support its finding that Snyder voluntarily quit her job without good cause.  Snyder testified that she received a letter from Trigon dated November 3, 1994 which stated, "unless you are able to return to work or return the short-term disability forms to us by November 10, 1994, we will have no alternative but to consider this a voluntary resignation by you."  Further, she testified that she did not send the forms to the Roanoke office, but instead sent them to Richmond, and that, although she called, she never spoke to anyone in Roanoke after receiving the November 3 letter.

The appeals examiner asked Snyder directly about Trigon's allegations.

> Q:  Well Miss Cardna had notified the
>     Commission that . . . they could
>     not get you to respond to . . .
>     them.  They couldn't . . . make any
>     contact with you.  Would you like
>     to respond to that?
>
> A:  Yes, sir, I did too.  I didn't even
>     know that she was in charge, you
>     know. . . .

- 6 -

The testimony of Snyder's sister corroborated Trigon's attempts to get in touch with Snyder and have her fill out the short-term disability forms. Finally, the documents that were submitted into evidence by Snyder also supported Trigon's claims. This non-hearsay evidence supported Trigon's assertions that the claimant had voluntarily quit.

II.

Claimant also asserts that the evidence was insufficient to support the VEC's finding that she voluntarily quit her job without good cause.

> Code § 60.2-618 (1) states that:
> An individual shall be disqualified for benefits upon separation from the last employing unit . . . if the Commission finds such individual is unemployed because he left work voluntarily without good cause.

Determining whether an employee voluntarily quit without good cause is a mixed question of law and fact reviewable on appeal. Virginia Employment Comm'n v. Fitzgerald, 19 Va. App. 491, 493, 452 S.E.2d 692, 693 (1995).

> When determining whether good cause existed for a claimant to voluntarily leave employment, the commission and the reviewing courts must first apply an objective standard to the reasonableness of the employment dispute and then to the reasonableness of the employee's efforts to resolve that dispute before leaving the employment. In making this two-part analysis, the claimant's claim must be viewed from the standpoint of a reasonable employee. . . . Factors that . . . are peculiar to the employee and her situation are factors which are appropriately considered as to whether good cause existed.

Umbarger v. Virginia Employment Comm'n, 12 Va. App. 431, 435-36, 404 S.E.2d 380, 383 (1991) (citations omitted).

The VEC did not err when it found that Snyder quit her employment without good cause. In Shuler v. Virginia Employment Comm'n, 9 Va. App. 147, 151, 384 S.E.2d 122, 124 (1989), we stated that "absence from work without authorization will constitute a voluntary abandonment of a job if done with notice that a discharge will result . . . ." (Citations omitted).

Here, Snyder had notice that if she did not return her short-term disability forms to Trigon, she would be considered to have resigned. When Trigon proved that Snyder had notice that her absence from work without authorization would constitute a voluntary resignation, Snyder had the burden of going forward with the evidence to prove that she provided Trigon the required authorization. Snyder acknowledges that she knew of Trigon's policy requiring her to provide medical verification after five days of medical leave that her continued absence was due to a medical disability. Furthermore, Snyder testified that she received a letter from Trigon dated November 3, 1994 which stated, "unless you are able to return to work or return the short-term disability forms to us by November 10, 1994, we will have no alternative but to consider this a voluntary resignation by you."

Although Snyder testified that she sent the short term disability forms to Richmond rather than the Roanoke office,

Trigon had no record of having received the forms. The short term disability form which she ultimately submitted was dated December 5, 1994, which was after the date on which she was told that her failure to file would be considered a voluntary resignation and after she was told that Trigon considered that she had resigned from her job. Although the VEC made no finding as to whether the claimant had previously filed a short term disability form with Trigon at its Richmond office as Snyder claimed, the form that she ultimately submitted indicated that Dr. Wayne Fralin had seen her on November 29, 1994, which was after the date on which she was to have submitted authorization for her absence or be considered to have voluntarily resigned from her job. Snyder claimed to have previously faxed a copy of a disability form, but she provided no other form other than that of Dr. Fralin, to support her claim or to show that she had timely filed the necessary proof.

Because Snyder did not prove that she timely returned the forms to Trigon and because no evidence was offered to show good cause for not returning them, Trigon met its burden of proof and the VEC was correct in finding that Snyder voluntarily quit her job without good cause.

In conclusion, the claimant received a fair hearing and the evidence presented was sufficient to support the VEC's determination. Accordingly, we affirm the decision of the circuit court.

<u>Affirmed</u>.