# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Gary J. Stasko

v.

Virginia Employment Commission
and Van Yahres Tree Co., Inc.

September 26, 2000

Case No. (Law) 99-262

BY JUDGE EDWARD L. HOGSHIRE

   This is an appeal filed under Virginia Code § 60.2-625 for judicial review of a decision of November 1, 1999, (hereinafter "Decision") whereby the Virginia Employment Commission held that Petitioner left work voluntarily without good cause and was therefore ineligible for unemployment benefits under Virginia Code § 60.2-618(1). Finding that the evidence in the Agency Record supports the Decision, the Court, for the reasons set forth below, affirms the Decision that Petitioner should be disqualified from receiving benefits.

   Section 60.2-625 specifies that the Commission's findings as to the facts are conclusive and binding on this Court if there is evidence to support the Commission's findings and in the absence of fraud. In conducting its review of the Decision, the Court must consider the evidence in the light most favorable to the findings by the Commission. *See Virginia Employment Commission v. Fitzgerald*, 19 Va. App. 491 (1995), *quoting Virginia Empl. Comm'n v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621 (1987). Whether an employee has established good cause for a voluntary quit is a mixed question of law and fact, subject to review on appeal by this Court. *See Umbarger v. Virginia Empl. Comm'n*, 12 Va. App. 431 (1991); *Shuler v. Virginia Empl. Comm'n*, 9 Va. App. 147 (1989).

The Commission and reviewing courts must apply an objective standard to the employee's efforts to resolve a dispute before leaving the employment to determine if the employee acted in a "reasonable" manner. *See Umbarger*, 12 Va. App. at 435 (1991). While factors peculiar to the employee and the employee's situation may be considered, an employee may not rely on differences or conditions based solely upon unreasonable and purely subjective perceptions. *See id*. at 436. The evidence presented in this case establishes beyond dispute that the Petitioner voluntarily quit his employment on January 12, 1999. (R. 1, 23; App. I, 37-38.) Thus, the Court must decide whether the Commission erred, as a matter of law, in concluding that the Petitioner did not meet his burden of establishing good cause for leaving the employment. *See Actuarial Benefits and Design Corp. v. Virginia Empl. Comm'n*, 23 Va. App. 640 (1996) (holding that where the employer proves a voluntary quit, the burden shifts to the claimant to prove that he or she left employment for good cause).

By his own admission, Petitioner's pay and benefits would have remained substantially the same after the proposed change of his pay from salary to hourly. (App. I, 39, 40; App. II, 25.) Although Petitioner considered this change to be a "demotion," he failed to demonstrate that the restructuring of his pay would have resulted in any change in his duties or status in the management structure of the company. The uncontradicted testimony is that Jeff Knies was the production manager and that Petitioner, while on salary, had been subordinate to him and would continue to be so after the proposed changeover to hourly pay. (R. 67; App. I, 14, 28, 29; App. II, 19; App. III, 46). Under the circumstances, Petitioner could have avoided the risks of unemployment. He had the reasonable alternative of continuing to work under the new pay system until he found other employment more to his liking. His dispute did not require immediate termination of his employment. *See generally Whitt v. Race Fork Coal and Virginia Empl. Comm'n*, 18 Va. App. 71, 76 (1994). Under *Umbarger*, Petitioner had a duty to act in an objectively reasonable fashion to avoid unemployment. 12 Va. App. at 435.

Based on the substantial weight of the evidence, the Court finds that the proposed restructuring in his pay would have placed Petitioner in a position that was virtually indistinguishable from his prior position from the viewpoint of annual earnings, fringe benefits, and position . in the company's management structure. Under the decision in *Umbarger*, Petitioner's termination of his job before finding alternative employment was not a reasonable reaction to his dissatisfaction with the change in the method of wage payment. 12 Va. at 435. The Court finds that the Decision is based on

294

the proper application of the controlling law to the Commission's findings of fact, which are supported by ample evidence in the Agency Record.