COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Kelsey and Alston
Argued at Richmond, Virginia

DEBORAH SMITH

                                                                                OPINION BY
v.      Record No. 0860-11-2                          JUDGE D. ARTHUR KELSEY
                                                                        JANUARY 31, 2012

VIRGINIA EMPLOYMENT COMMISSION
 AND SWIFT TRANSPORTATION CO., INC.

                        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                         Walter W. Stout, III, Judge

              Martin Wegbreit (Central Virginia Legal Aid Society, on
              briefs), for appellant.

              Elizabeth Peay, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee
              Virginia Employment Commission.

              No brief or argument for appellee Swift Transportation Co., Inc.


       After quitting her job as a truck dispatcher, Deborah Smith filed an administrative claim

for unemployment benefits with the Virginia Employment Commission (VEC).  The VEC

denied the claim and the circuit court, upon Smith's appeal, affirmed the denial.  Reviewing the

facts under a deferential standard and the law *de novo*, we affirm the circuit court's holding.

                                                        I.

       Like the circuit court, we must "consider the evidence in the light most favorable to the

finding by the Commission."  Va. Emp't Comm'n v. Trent, 55 Va. App. 560, 565, 687 S.E.2d

99, 101 (2010) (citation omitted); see also Va. Emp't Comm'n v. Fitzgerald, 19 Va. App. 491,

493, 452 S.E.2d 692, 693 (1995) (applying principle to "judicial review of a commission

decision pursuant to Code § 60.2-625(A)").

       So viewed, the evidence before the VEC showed Smith worked for Swift Transportation

as a dispatch assistant.  She received three days of training when she began the job.  During the

course of her employment, she consistently made routing mistakes that caused truckers to be overpaid for their routes. She received three written (along with various verbal) warnings regarding the quality of her work. At the VEC hearing, Smith claimed she asked for additional training, which she said her supervisor failed to provide. The employer's representative, however, testified Smith was given "formal counseling" to identify her mistakes and to show her "how to correct" them. App. at 21-22.

After a little more than a year on the job, Smith voluntarily quit because she thought she would eventually be fired due to her chronic mistakes. She also wanted to "get in college" so she could find "another way of having some kind of income." Id. at 16. After leaving work, Smith filed for unemployment benefits with the VEC. An appeals examiner denied the claim and the VEC affirmed the denial. "The record shows," the VEC held, "that the claimant's primary reason for leaving was that she anticipated discharge." Id. at 26.

Citing its own precedent, the VEC concluded: "For the last fifty years the Commission has consistently held that 'anticipation of being discharged' is not good cause for leaving a job." Id. (citation omitted). As early as the 1950s, the VEC explained its position this way:

> Cases where an individual leaves his work in anticipation of being discharged at some future date are not new to this Commission. In such cases the holdings have established the principle that an anticipated discharge is not a discharge in fact, and if the claimant elects to leave before the discharge actually occurs he does so voluntarily. The threat of discharge is sometimes used to warn or exhort an employee, but the threat is not tantamount to actual discharge.

Id. (quoting Hutchinson v. Hill Refrigeration Corp., VEC No. 3251-C (July 10, 1958)). Smith appealed the VEC's decision to the circuit court and, upon meeting with no success there, now appeals to us.

II.

In all "judicial proceedings" involving VEC appeals, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625(A). A decision by the VEC that conjoins both factual and legal issues presents a "mixed question" on review. Snyder v. Va. Emp't Comm'n, 23 Va. App. 484, 491, 477 S.E.2d 785, 788 (1996). In such cases, we segregate (to the extent we can) the law from the facts — reviewing the law *de novo* and the facts with the deference required by Code § 60.2-625(A). We do so, however, mindful of the overarching premise that "a reviewing court cannot substitute its own judgment for the agency's on matters committed by statute to the agency's discretion." Trent, 55 Va. App. at 568, 687 S.E.2d at 103 (citation and internal quotation marks omitted).

On this factual record, the VEC concluded Smith's "primary reason for leaving was that she anticipated discharge." App. at 26. The VEC found her reason for quitting was not — as Smith argued — that her frustration over the alleged lack of training rendered the workplace so intolerable that she could no longer bear to stay. "Even if the Commission were to treat the claimant's frustration over a lack of additional training rather than the anticipation of discharge as the claimant's reason for leaving," id. at 27, the VEC held in the alternative, this frustration did not constitute good cause for quitting.

We need not address the VEC's alternative good-cause holding because we agree that, with respect to Smith's primary reason for quitting her job, the VEC's determination rested squarely on her own testimony.[1] On this factual issue, our appellate review begins and ends

---

[1] "As an appellate court, we seek 'the best and narrowest ground available' for our decision, Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010), and thus strive to resolve cases 'on what we conceive to be the determinative points,' Justice Herbert B. Gregory, Shorter Judicial Opinions, 34 Va. L. Rev. 362, 365 (1948)." Morris v. City of Va. Beach, 58 Va. App. 173, 180, 707 S.E.2d 479, 482 (2011).

there.  We cannot review "the administrative record *de novo*" and "reweigh the possible inferences that could be drawn from it."  Trent, 55 Va. App. at 567, 687 S.E.2d at 103 (citation omitted).  "Instead, a court can overturn VEC factfinding 'only if, in considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'"  Id. at 567-68, 687 S.E.2d at 103 (emphasis in original and citation omitted).

To constitute "good cause" for quitting, the employee must prove the employer created workplace conditions so intolerable that the employee "had no reasonable alternative except to quit her job."  Umbarger v. Va. Emp't Comm'n, 12 Va. App. 431, 426, 404 S.E.2d 380, 383 (1991).  Applying its longstanding precedent, the VEC held "good cause" under Code § 60.2-618(1) cannot be established by an employee who quits her job merely because she believes she will eventually be fired.  We agree.  In such cases, the employee — not the employer — causes the wage loss.  Neither the VEC nor the courts should be asked to speculate when, if ever, the employee's prediction might have come to pass or whether the hypothesized firing might have implicated a disqualification for misconduct under Code § 60.2-618(2)(b).  See, e.g., Va. Emp't Comm'n v. Cmty. Alts., Inc., 57 Va. App. 700, 704, 705 S.E.2d 530, 532-33 (2011).

### III.

Because Smith voluntarily left her job without good cause, the circuit court correctly affirmed the VEC's order disqualifying Smith from receiving unemployment benefits.

Affirmed.