COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Chafin
Argued at Richmond, Virginia


CAROL CENNAME

MEMORANDUM OPINION[*] BY
v.      Record No. 0934-13-2          JUDGE TERESA M. CHAFIN
                                      FEBRUARY 11, 2014

VIRGINIA EMPLOYMENT COMMISSION AND
 PARALLON EMPLOYER LLC


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
F.G. Rockwell, III, Judge

Scott A. Simmons (MeyerGoergen, PC, on briefs), for appellant.

Elizabeth B. Peay, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee Virginia
Employment Commission.

No brief or argument for appellee Parallon Employer LLC.


Carol Cenname ("Cenname") filed an administrative claim for unemployment benefits

with the Virginia Employment Commission ("VEC").  The VEC denied the claim, and the circuit

court, upon Cenname's appeal, affirmed the denial.  Reviewing the facts under a deferential

standard and the law *de novo*, we affirm the circuit court's holding.

BACKGROUND

"Like the circuit court, we must 'consider the evidence in the light most favorable to the

finding by the Commission.'"  Smith v. Va. Emp't Comm'n and Swift Transp. Co., 59 Va. App.

516, 519, 721 S.E.2d 18, 20 (2012) (quoting Va. Emp't Comm'n v. Trent, 55 Va. App. 560, 565,

687 S.E.2d 99, 101 (2010)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence before the VEC proved that Cenname was employed as an accounting manager by Parallon, LLC ("Parallon") from August 1, 2011 through February 17, 2012. On November 30, 2011, Cenname became the subject of a "performance improvement plan" (PIP). The PIP was renewed on several occasions, including on February 2, 2012, when she was given 30 days to attain the performance goals expected by Parallon. On February 13, 2012, Cenname wrote a response to the February 2, 2012 improvement plan, which resulted in the plan being revised on February 14, 2012. She was given a new 30-day period and had until March 15, 2012 to improve her performance.

On February 17, 2012, Cenname met with a Parallon representative and advised that she would not be able to fulfill the requirements of the PIP by March 15 and did not wish to complete the full 30-day period. Cenname told the Parallon representative to accelerate her PIP and to choose a day to terminate her. Parallon selected that same day, Februrary 17, 2012, as the date of Cenname's termination. Parallon made it clear to Cenname that she had the full 30 days to make the improvements outlined in the PIP and did not have to accelerate the time.[1]

Cenname filed for unemployment benefits with the VEC. Citing Code § 60.2-618(1), the claims deputy found that Cenname was disqualified from receiving benefits effective February 12, 2012 based on a finding that she left work voluntarily without good cause.[2] She filed an appeal from this determination. After a full hearing on March 28, 2012, the appeals examiner affirmed the deputy's decision, and found that the termination was instituted at Cenname's request, that she had 30 days to improve her performance, that she chose to forego that opportunity, and, while she may have believed she would be terminated at the end of the 30-day

[1] Had Cenname not requested that her PIP be accelerated, she would have had until March 15, 2012, to attempt to meet the employer's expectations.

[2] Although Cenname's official termination date was February 17, 2012, the record reflects that February 12, 2012 is the date on which Cenname became disqualified from receiving benefits.

period, there was no certainty she would be terminated. Cenname thereafter filed a timely appeal of the appeals examiner's findings to the VEC. Cenname appealed the VEC's decision to the circuit court and, upon meeting with no success there, now appeals to this Court.

ANALYSIS

In all "judicial proceedings" involving VEC appeals, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625(A). "A decision by the VEC that conjoins both factual and legal issues presents a 'mixed question' on review." Smith, 59 Va. App. at 520, 721 S.E.2d at 20 (citing Snyder v. Va. Emp't Comm'n, 23 Va. App. 484, 491, 477 S.E.2d 785, 788 (1996)).

> In such cases, we segregate (to the extent we can) the law from the facts – reviewing the law *de novo* and the facts with the deference required by Code § 60.2-625(A). We do so, however, mindful of the overarching premise that "a reviewing court cannot substitute its own judgment for the agency's on matters committed by statute to the agency's discretion."

Id. (internal citations omitted). "The VEC's findings may be rejected only if, in considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion." Craft v. Va. Emp't Comm'n, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989) (emphasis in original).

On appeal, Cenname argues that the severance of her employment should have been treated as a discharge or, in the alternative, that she had good cause to leave her employment because her discharge was imminent.

Code § 60.2-618(1) provides that an "individual shall be disqualified for [unemployment compensation] benefits . . . if the Commission finds such individual is unemployed because he left work voluntarily without good cause." "Determining whether an employee voluntarily quit without good cause is a mixed question of law and fact reviewable on appeal." Snyder, 23

Va. App. at 491, 477 S.E.2d at 788. See also Shuler v. Va. Emp't Comm'n, 9 Va. App. 147, 149, 384 S.E.2d 122, 124 (1989).

> "When determining whether good cause existed for a claimant to voluntarily leave employment, the commission and the reviewing courts must first apply an objective standard to the reasonableness of the employment dispute and then to the reasonableness of the employee's efforts to resolve that dispute before leaving the employment. In making this two-part analysis, the claimant's claim must be viewed from the standpoint of a reasonable employee. . . . Factors that . . . are peculiar to the employee and her situation are factors which are appropriately considered as to whether good cause existed."

Snyder, 23 Va. App. at 491, 477 S.E.2d at 788 (quoting Umbarger v. Va. Emp't Comm'n, 12 Va. App. 431, 435-36, 404 S.E.2d 380, 383 (1991)). "Although [Cenname] bore the burden of showing that she met the eligibility conditions set forth in the act, it was [Parallon's] burden to prove that she was disqualified from benefits." Shuler, 9 Va. App. at 149-50, 384 S.E.2d at 124 (internal citations omitted).

"[T]he Commission has consistently held that anticipation of being discharged is not good cause for leaving a job." Smith, 59 Va. App. at 519, 721 S.E.2d at 20 (internal quotation marks omitted).

> As early as the 1950s, the VEC explained its position this way:
>
> > Cases where an individual leaves his work in anticipation of being discharged at some future date are not new to this Commission. In such cases the holdings have established the principle that an anticipated discharge is not a discharge in fact, and if the claimant elects to leave before the discharge actually occurs he does so voluntarily. The threat of discharge is sometimes used to warn or exhort an employee, but the threat is not tantamount to actual discharge.

Id. at 519-20, 721 S.E.2d at 20.

In this case, Cenname was not given an ultimatum "to resign or be immediately discharged." Rather, she was told that if she did not improve her performance within the next 30

- 4 -

days, she would be discharged. Parallon made it clear to Cenname that she had the full 30 days to make the improvements outlined in the PIP and did not have to accelerate the time. However, Cenname did not believe she could meet Parallon's expectations and asked to be terminated prior to the end of the 30 days.

Parallon may have discharged Cenname on March 15, 2012, at the closure of the PIP, had her performance not improved. Cenname was not guaranteed employment until March 15, as any employee at will may be fired or quit at any time.[3] Nevertheless, because Cenname would have certainly continued to be employed after February 17, 2012, had she not requested to accelerate the PIP, the circuit court correctly affirmed the VEC's ruling that Cenname's actions constituted a voluntary leave. Asking for the PIP to be accelerated evinced Cenname's intent to sever the employment relationship. See Shuler, 9 Va. App. at 150, 384 S.E.2d at 124 ("An employee's intention to quit may be discerned from words or conduct inconsistent with the maintenance of an employer/employee relationship."). "Neither the VEC nor the courts should be asked to speculate when, if ever, the employee's prediction might have come to pass or whether the hypothesized firing might have implicated a disqualification for misconduct under

_____

[3]        Virginia strongly adheres to the employment-at-will doctrine, that when the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is ordinarily at liberty to terminate the contract at will, upon giving the other party reasonable notice.

VanBuren v. Grubb, 284 Va. 584, 589, 733 S.E.2d 919, 921 (2012) (internal quotation marks and citations omitted). The employment at-will doctrine is subject to limited exceptions. However, none of these exceptions apply to Cenname's situation. See e.g., VanBuren, 284 Va. 584, 733 S.E.2d 919 (public policy); Mitchem v. Counts, 259 Va. 179, 523 S.E.2d 246 (2000) (sexual harassment); Bailey v. Scott-Gallagher, Inc., 253 Va. 121, 480 S.E.2d 502 (1997) (mother fired for having a baby); Bradick v. Grumman Data Sys. Corp., 254 Va. 156, 486 S.E.2d 545 (1997) (disability); Lockhart v. Commonwealth Educ. Sys. Corp., 247 Va. 98, 429 S.E.2d 328 (1994) (race and gender).

Code § 60.2-618(2)(b)." <u>Smith</u>, 59 Va. App. at 521, 721 S.E.2d at 21. <u>See, e.g.,</u> <u>Va. Emp't</u>

<u>Comm'n v. Cmty. Alts., Inc.</u>, 57 Va. App. 700, 704, 705 S.E.2d 530, 532-33 (2011).

Because Cenname voluntarily left her job without good cause, the circuit court correctly

affirmed the VEC's order disqualifying Cenname from receiving unemployment benefits.

<u>Affirmed.</u>